UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICIA DIETSCH | * | CIVIL ACTION NO: 2:22-cv-00035 |
|    Plaintiff | * | |
| | * | |
| V. | * | |
| | * | JUDGE: |
| | | |
| LIFE INSURANCE COMPANY OF | * | |
| NORTH AMERICA | * | MAG.: |
|    Defendant | * | |

## COMPLAINT

1. Plaintiff, Patricia Dietsch ("Dietsch") or ("Plaintiff"), brings this action against Defendant, Life Insurance Company of North America ("LINA") or ("Defendant"), for benefits payable under a long-term disability plan ("Plan") sponsored by her employer LCMC Health Holdings, Inc.

2. LINA reviewed claims for benefits and insured the benefits under the Plan.

3. This Complaint challenges the Defendant's: 1) unreasonable and unlawful denial of long-term disability income benefits despite the substantial medical evidence demonstrating Dietsch's qualifications for said benefits; 2) a pattern of rejecting and/or ignoring the substantial evidence supporting Dietsch's eligibility for said benefits despite her knee and shoulder conditions that made it impossible for her to work for a substantial period of time until July 26, 2021; 3) failure to provide Dietsch with a full and fair review of her claim; and 4) failure to provide a reasonable claims procedure that would yield a decision on the merits of Dietsch's claim.

4. Dietsch is filing this action to recover benefits due under the Plan, to enforce the present rights existing therein, to clarify her rights under the terms of the Plan, and to recover costs, attorneys' fees, and pre- and post- suit interest as provided by ERISA.

5. This Court has personal jurisdiction over the Defendant and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, in that the Plan was administered in this district and the Defendant's breach of its ERISA obligations took place in this district.

6. Dietsch is domiciled in St. Charles Parish, Louisiana. She has standing to bring this action under 29 U.S.C. § 1132(a).

7. The Defendant is domiciled in Pennsylvania and has its principle place of business in New York.

8. Dietsch was disabled due to severe knee and shoulder conditions.

9. LINA found plaintiff's disabling conditions to be pre-existing per the terms of the plan, even though there was no evidence of major structural problems with the joints, but only fleeting mentions of pain, during the preexisting condition lookback period.

11. Dietsch has exhausted his administrative remedies pursuant to 29 C.F.R. 2560.503.

12. Defendant failed to provide Dietsch with a full and fair review of her claim for benefits.

13. Any discretion to which Defendant may claim it is entitled under the Plan is negated by its failure to provide the Plaintiff with an explanation as to its adverse action and a full and fair review of his claim for benefits.

14. The Defendant was motivated by its financial conflict of interest when it denied Dietsch's benefits.

15. The decision to deny Dietsch's benefits was wrongful, unreasonable, and irrational, contrary to the substantial evidence, contrary to the plain contractual terms of the Plan, and contrary to law.

16. Due to the unlawful denial of benefits under ERISA, Plaintiff has lost her rightful long-term disability benefits.

17. Having exhausted the administrative procedures provided by the Defendant, Dietsch now brings this action.

## FIRST CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

18. Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

19. The Plan is a contract.

20. Dietsch has performed all of his obligations under the contract.

21. 29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

   a. by a participant or beneficiary –

   i. For the relief provided for in subsection (c) of this section, or

   ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

22. The Defendant's actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

23. Defendant unlawfully denied Dietsch's benefits in part by: (1) rejecting the substantial evidence supporting Plaintiff's claim; and (2) denying Dietsch a full and fair review of the

decision to deny his benefits.

24. In accordance with 29 U.S.C. §1132, Dietsch is entitled to be paid benefits under the Plan based upon her disabled status during her period of disability.

25. The Defendant has refused to provide Dietsch with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

26. As a direct and proximate result of this breach, Dietsch has lost the principal and the use of her rightful long-term disability benefits.

## SECOND CAUSE OF ACTION

(Attorneys' Fees and Costs)

27. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

28. Under the standards applicable to ERISA, Dietsch deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Section 1132(g).

29. Defendant has the ability to satisfy the award.

30. Defendant acted in bad faith in denying Plaintiff's benefits under the Plan.

31. The award of attorneys' fees against the Defendant will deter the Defendant and similarly- situated ERISA fiduciaries from undertaking the same unfair, limited review as in this case.

## **PRAYER FOR RELIEF**

32. WHEREFORE, the Plaintiff respectfully prays that the Court:

a. Declare, adjudge, and decree that Plaintiff is entitled to long-term disability benefits as

calculated under the terms of the Plan for the pendency of disability;

b.     Award Plaintiff the full amount of unpaid benefits under the Plan to which she is entitled, together with such pre-suit and post-suit interest as may be allowed by law;

c.     Order that the Defendant make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit and pre-judgment interest;

d.     Award Plaintiff the costs of this action and reasonable attorneys' fees;

e.     Declare, adjudge, and decree that Defendant has no right of reimbursement or set-off under the language of the Plan and the facts and circumstances of this case; and

f.     Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen St.
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: (504) 405-3245
Fax: 1-866-651-8738
Attorney for Plaintiff Patricia Dietsch